**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ADAM FLORES,

Plaintiff,

v.

MARSHALL SMITH, *Executive Director and C.E.O. of Direct Care and Treatment*; TERRY KNEISEL, *D.C.T. Manager 4 Unc.*[1]; DOUG LATUSECK, *MSOP Deputy Director*; STEPHEN STECYKE, *State Program Administrator Sr.*; DAVID MILES, *State Program Administrative Director*; DAVID J. AVERILL, *State Program Administrative Director*; STACEY SONNECK, *State Program Administrative Director*; STEVEN SAJDAK, *State Program Administrative Director*; ANTHONY M. HERRING, *State Program Administrative Director*; DERRICK KOECHER, *Group Supervisor of NOVA*; SCOTT GIANNINI, *Group Supervisor of 1-E*; KRISTI MCKAY, *Group Supervisor of OMEGA-1*; MICHAEL J. ADAMSKI, *Security Counselor*; and ANGELA R. HILLMAN, *Office and Administrative Specialist*,

Defendants.

Case No. 26-cv-4146 (LMP/JFD)

**ORDER**

---

[1] The Court notes that there are discrepancies between some of the roles and titles assigned to each Defendant in the case caption of Plaintiff's Complaint and the description of the roles and titles of those same parties in the body of the Complaint. The Court is reflecting as unchanged in this Order the caption presented by Plaintiff in the Complaint.

This matter is before the Court on Plaintiff Adam Flores's application to proceed *in forma pauperis* ("IFP"), Motion for Temporary Restraining Order, Motion To Appoint Counsel, and Motion To Expand Memorandum of Law. ECF Nos. 2, 3, 4, 6. Flores's IFP application must be considered before any other action may be taken in this matter. As explained below, the Court finds that Flores has presented a colorable claim on one ground for relief. By separate order, Flores's IFP application will be granted with respect to that claim only. The remainder of the complaint will be dismissed, the Motions To Appoint Counsel and To Expand Memorandum of Law are denied, and the Motion for Temporary Restraining Order is denied in part.

## BACKGROUND

Flores is a resident at Minnesota Sex Offender Program ("MSOP") – Moose Lake pursuant to a judicial hold. *See In re Civil Commitment of Flores*, No. 62-MH-PR-25-96 (Minn. Prob. Mental Health Ct. Feb. 6, 2025). Flores has medical conditions, including "asthma, severe claustrophobia, severe P.T.S.D., A-Fib, and severe sleep apnea." ECF No. 1 at 8 ¶ 1 (citation modified). At an earlier stay at MSOP – Moose Lake, and while at other MSOP locations, facility officials allowed Flores to move cells and to "keep the [window] flap open on the wet cell" to accommodate his medical needs. *Id.* (citation modified). When Flores transferred back to MSOP – Moose Lake on July 7, 2026, he was assigned the same cell from which he was moved for health reasons in the past. *Id.* at 9 ¶ 2.

Believing that the cell presents health risks, Flores refused to stay there. *Id.* Defendants placed him in Protective Isolation in the High Security Area, *id.* at 9 ¶ 4, ECF

No. 1-2 at 7, and Flores alleges that they subjected him to a strip search, ECF No. 1 at 10 ¶ 5. Defendants also wrote up a Behavioral Expectations Report for "Failure to Comply," "Missing, Delaying, or Interrupting Count," and "Interference with Security Procedures." ECF No. 1-2 at 15. On July 9, 2026, Defendants David J. Averill and Anthony M. Herring held a hearing and affirmed the violations. *Id.* Flores did not attend the hearing because of the staff contact restrictions in his Individual Program Plan. *Id.* at 12; ECF No. 1 at 10 ¶ 6. Flores appealed the panel's decision, and Defendant Terry Kneisel affirmed the hearing panel. ECF No. 1-2 at 14.

At the same time as these Behavioral Expectations Report proceedings, Flores appealed his placement in the High Security Area on Protective Isolation Status, stating that he did not exhibit dangerous behavior and that his placement was for the convenience of staff. ECF No. 1-2 at 7. On July 8, 2026, Defendant Stephen Stecyk informed Flores that the Protective Isolation Status Review Panel would review his placement on July 16, 2026. ECF No. 1-2 at 9. Flores was moved into a new cell on July 9, 2026, but he remained in the High Security Area on Protective Isolation Status. ECF No. 1 at 11 ¶ 9. On July 16, 2026, the Protective Isolation Status Review Panel determined that Flores's Protective Isolation Status was supported. ECF No. 1-2 at 12–13. Flores represents that he was "not allowed" to attend the hearing. ECF No. 1-2 at 10.

Throughout this time, Flores also submitted Client Request Forms to Defendant Kneisel regarding restrictions placed on him while on Protective Isolation Status in the High Security Area, ECF No. 1 at 11 ¶¶ 8, 12–14; ECF No. 1-2 at 17, grievances with Defendants Derrick Koecher and Scott Giannini, ECF No. 1-2 at 25–30, and the flap on

the cell window, *id.* at 32–33. Flores also engaged in multiple conversations with other staff at MSOP – Moose Lake to try to reverse the order that the flap on the cell window remain closed. ECF No. 1 at 12 ¶¶ 15–17. At some point during this time, Flores was told by Defendant David Miles that Defendants wanted him to complete an Individualized Program Plan, which Flores refused to do. ECF No. 1 at 11 ¶ 11. Flores alleges that his effects that did not fit into "one bin" were "seized." *Id.* ¶ 15 (citation modified). And he alleges that the "counselors started to write up False Reports and Fraud and False Statements so that they could 'Keep the Flap on the WET CELL Window Closed.'" *Id.* at 14 ¶ 24 (citation modified).

## ANALYSIS

### I. IFP Application and Complaint[2]

Flores did not pay the filing fee to commence this action and instead seeks to proceed IFP. ECF No. 2. A plaintiff's IFP application will be denied, and the plaintiff's complaint dismissed, if the complaint "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The Court has reviewed the IFP application and concludes that Flores qualifies financially for IFP status. In determining whether a complaint states a claim on which relief may be granted, all fact allegations must be accepted as true, and all reasonable

[2] The Court considered the complaint, ECF No. 1, exhibits accompanying the complaint, ECF No. 1-1–8, corrected page, ECF No. 11, and the exhibits accompanying the corrected page, ECF No. 12.

inferences are drawn in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.,* 511 F.3d 818, 820 (8th Cir. 2008). The fact allegations need not be detailed, but they must state a plausible claim without being speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Legal conclusions that are couched as factual may be disregarded. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Flores's causes of action are not easy to discern. He lists five grounds for relief, each one sweeping in scope with a list of laws broken and harms caused by Defendants. But there is no plain statement showing why Flores is entitled to relief. Given this, the Court concludes that at least two grounds are frivolous: the first, ECF No. 1 at 15 ¶ 2, and the fourth, *id.* 16 ¶ 5. An action is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Shaik v. Olmstead*, No. 24-cv-1898 (SRN/DLM), 2024 WL 3313982, at *1 (D. Minn. May 28, 2024) (quoting *Neitzke*). A claim built on an "indisputably meritless legal theory" is legally frivolous. *Neitzke*, 490 U.S. at 327; *see also Michael Jerome Harvey Tr. v. Ginnie Mae*, No. 25-cv-1073 (ECT/DJF), 2025 WL 1358044, at *2 (D. Minn. Apr. 2, 2025) (quoting *Neitzke*-reliant caselaw). On the other hand, a claim that is "fanciful," "fantastic," or "delusional" (that is, an allegation that "rise[s] to the level of the irrational or the wholly incredible"), is factually frivolous. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (citation modified); *see also Smith v. Target*, No. 26-cv-1745 (ECT/LIB), 2026 WL 1031159, at *2 (D. Minn. Apr. 16, 2026) (citing *Denton*).

In grounds one and four, Flores alleges that Defendants engaged in a conspiracy to "injure, oppress, threaten and intimidate" him by enforcing MSOP policies and practices and by committing illegal acts against him. ECF No. 1 at 15–16. Flores alleges, without detail, that these actions are "egregious arbitrary punitive encroachments" of the federal Constitution, the state constitutions of Minnesota and Illinois (referred to by Flores as the "Law of Nations"), all international laws, and "numerous Egregious Arbitrary Malice Federal and State Wonton and Wantonness Felony acts." *Id.* at 15 (cleaned up). In ground four, Flores alleges Defendants also committed "Paper Terrorism" and "Domestic Terrorism." *Id.* at 16 ¶ 5. Several of the laws Flores lists are not laws at all and, as is the case for "all international laws," the state constitutions, and domestic terrorism, the Court cannot liberally construe such a claim under an actionable federal statute for a civil suit because either no such cause of action exists or there are insufficient facts from which to determine one.[3] To the extent constitutional violations are actionable under 42 U.S.C. § 1983, Flores does not allege sufficient facts to support a claim under the numerous constitutional amendments listed. Indeed, the Court would be forced to engage in guesswork to determine the claims. *See Stone,* 364 F.3d at 914.

Grounds three, ECF No. 1 at 16 ¶ 4, and five, *id.* at 17 ¶ 6, are not frivolous but fail to state a claim upon which relief can be granted. In ground three, Flores alleges that Defendants inflicted various forms of mental stress and "Torture, Cruel, Unusual, Inhuman,

---

[3] This analysis also applies to the other grounds that allege violations of "all" international and humanitarian laws (grounds two and three), state constitutions (ground five) and various constitutional amendments, except for those grounds discussed by the Court below (grounds two, three, and five).

Degrading Treatment and Punishment." *Id.* at 16. Liberally construed, Flores claims unlawful punishment in violation of the Fourteenth and Eighth Amendments under 42 U.S.C. § 1983. But the Court is unable to discern which factual allegations correspond to this cause of action because Flores appears to assert that all adverse administrative actions are illegal and that he cannot be punished in MSOP. *See* ECF No. 1 at 9. "[I]t is not the Court's function to sift through Plaintiff's voluminous papers and essentially craft a complaint—factual allegations and bases for recovery—for [him]." *Zelenak v. Larson*, No. 15-cv-3315 (PJS/TNL), 2016 WL 6584926, at *6 (D. Minn. Oct. 6, 2016); *see* Fed. R. Civ. P. 8(a) (stating that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"). Ground five is similarly deficient in its allegation that Defendants were aware that "policies and practices" unlawfully restricted Flores's First Amendment rights and other rights. This is because Flores does not identify which policies and practices were the basis for the rights violations. ECF No. 1 at 17 ¶ 6. The Court therefore finds there are insufficient facts to support a claim for relief in either ground three or five. *See Stone,* 364 F.3d at 914.

The remaining claim is ground two. ECF No. 1 at 16 ¶ 3. Flores claims that Defendants violated his Fourteenth Amendment rights by acting with deliberate indifference to his medical needs by keeping his cell window flap closed despite his known medical conditions and previous accommodation to keep the window open. *See Brennan v. Cass Cnty. Health, Hum. & Veteran Servs.*, 93 F.4th 1097, 1101–02 (8th Cir. 2024) ("Courts apply the deliberate indifference standard from the Eighth Amendment when analyzing a civilly committed individual's Fourteenth Amendment claim of

constitutionally deficient medical care."). As construed, the Court finds that Flores sufficiently pleaded this cause of action. But no other basis for relief raised in ground two is sufficiently pleaded.

In sum, Flores's claim in ground two that Defendants violated his Fourteenth Amendment rights by acting with deliberate indifference to his medical needs by keeping his cell window flap closed is at least colorable and may proceed against Defendants. All other claims in the complaint are dismissed without prejudice. Nothing in this order should be construed as a finding on the merits of the remaining claim.

## II. Temporary Restraining Order

Turning next to Flores's Motion for a Preliminary Injunction and a Temporary Restraining Order, ECF No. 3, the Court finds no basis for granting the extensive relief requested. A plaintiff seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking a preliminary injunction has the burden of proof. *See Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

Flores did not adequately plead a plausible entitlement to relief on the merits for most of his claims, so he is not entitled to preliminary injunctive relief on those claims. With respect to the lone claim where Flores has presented at least a colorable claim for relief (that is, ground two concerning closure of the wet cell window), Defendants are directed to address the motion on a timeline consistent with filing an answer or other

response to the complaint. Flores has not presented adequate evidence to establish that more expedited treatment of the motion is necessary to prevent irreparable harm; in fact, it is not entirely clear from the materials submitted that Flores remains housed in a cell with a wet cell window of the kind at issue.

**III. Motion for Appointment of Counsel**

Flores also moves for an order appointing counsel, ECF No. 4, because he raised complex issues with limited knowledge of the law and no trial skills. ECF No. 4 at 2. Pro se civil litigants do not have a right to appointed counsel. *See Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). The relevant criteria for determining whether counsel should be appointed include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id.* at 794. Flores's complaint is now narrowed to a signal cause of action with well-established case law that centers on a specific facility condition that he alleges is detrimental to his health. Flores demonstrated through his exhibits that he is well-versed on his medical condition and the circumstances surrounding the closure of his cell window flap. *See* ECF Nos. 1-1–1-5. Flores's motion for the appointment of counsel is denied.

**IV. Motion To Expand Memorandum of Law**

Finally, the Court denies the Motion To Expand the Memorandum of Law, ECF No. 6, as additional briefing on the law is unnecessary at this stage in the proceedings.

## ORDER

For these reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Adam Flores's complaint (ECF No. 1) as to all claims except the claim that Defendants violated Flores's Fourteenth Amendment rights by acting with deliberate indifference to his medical needs, is **DISMISSED WITHOUT PREJUDICE**;

2. Flores's Motion for a Temporary Restraining Order (ECF No. 3) is **DENIED IN PART**;

3. Flores's Motion To Appoint Counsel (ECF No. 4) is **DENIED**; and

4. Flores's Motion To Expand the Memorandum of Law (ECF No. 6) is **DENIED**.

Dated: November 16, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge